**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | |
|---|---|
| **AARON TREMELL HILL, SR,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | **PE:24-CV-00011-DC-DF** |
| **DOLLAR TREE STORES, INC.,** § | |
| *Defendant.* § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") Motion to Dismiss (Doc. 6). This case was referred to the undersigned Magistrate Judge for a Report and Recommendation by Order of Referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules. After carefully considering the filings and applicable law, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and **PLAINTIFF BE REQUIRED TO SEEK LEAVE TO AMEND HIS COMPLAINT**. (Doc. 6).

### I.  BACKGROUND

Plaintiff, proceeding *pro se*, brings a racial discrimination or racial profiling claim under § 1983 against Defendant Dollar Tree. (*See* Doc. 1). This action arises from events taking place on September 9, 2022, at the Dollar Tree in Monahans, Texas. *Id.* at 5. Plaintiff, an African American man, claims he was shopping at Dollar Tree when store manager, Mario Javier Molina, began to spy on him. *Id.* Molina allegedly followed Plaintiff around the store and aggressively confronted Plaintiff. *Id.* When Plaintiff attempted to check out, Molina refused service to Plaintiff and called the police, reporting "an aggressive customer… refusing to leave." *Id.*

Two police officers responded to Molina's call. *Id.* Molina was outside the Dollar Tree when the officers arrived. *Id.* Meanwhile, Plaintiff had left the Dollar Tree and was preparing to enter another store. *Id.* As the officers approached, Molina pointed at Plaintiff and told the officers to "[i]ssue criminal trespass on him." *Id.* Plaintiff claims he was issued a criminal trespass warning and left the premises. *Id.* After Plaintiff left, the officers reviewed Dollar Tree's security footage. *Id.* The security footage, as seen through the police body camera, purportedly shows Molina "skipping around the security footage, attempting to conceal evidence of the incident." *Id.* Plaintiff further alleges that Molina is heard and seen referring to Plaintiff as "those people" and saying "[y]ou can tell he isn't from around here. I know that." *Id.*

Based on these events, Plaintiff brings this action under the Court's federal question jurisdiction, asserting, to the best of the Court's understanding, several claims against Dollar Tree: a § 1983 claim for racial discrimination in violation of the Fourteenth Amendment; a claim for violation of Texas Penal Code § 39.04; and claims for negligent retention and failure to supervise. *Id.* at 3. Dollar Tree moved to dismiss on May 6, 2024. (Doc. 6). Plaintiff and Dollar Tree then timely filed their respective Response and Reply. (Docs. 8; 9). The case is thus ripe for disposition.

## II.     LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to

be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to [its] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.     LEGAL ANALYSIS

Plaintiff brings claims against Dollar Tree for racial discrimination, violation of the Texas Penal Code, and negligent retention and failure to supervise. (Doc. 1 at 4). Dollar Tree moves to dismiss Plaintiff's statutory claims under 12(b)(6) because Plaintiff's claims require

3

state action and Dollar Tree is not a state actor. (Doc. 6 at 4–5). Dollar Tree also asks the Court to decline supplemental jurisdiction for any remaining state negligence claims, to the extent Plaintiff alleges such claims. *Id.* at 5. For reasons explained below, the Court **RECOMMENDS** Dollar Tree's Motion to Dismiss be **GRANTED**. (Doc. 6). Considering Plaintiff's *pro se* status, however, the Court also **RECOMMENDS** Plaintiff be given an opportunity to seek leave to amend his complaint.

    A. **Section 1983 Claim**

The Court understands Plaintiff to sue Dollar Tree under 42 U.S.C. § 1983 for racial discrimination in violation of the Fourteenth Amendment. (*See* Doc. 1 at 3). Dollar Tree moves to dismiss Plaintiff's § 1983 claim, contending it is not a state actor. (Doc. 6 at 2). The Court agrees. Dollar Tree is not a state actor; Plaintiff's § 1983 claim should be **DISMISSED**.

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a cause of action against any person who acts under the color of state law to deprive another of constitutional or federal rights. The deprivation of a federal right must be attributable to the state for § 1983 to provide a remedy. *Davis v. Berry*, No. SA-23-CV-00296, 2023 WL 3260736, at *2 (W.D. Tex. May 4, 2023). This is known as the "under color of state law" requirement. *Rosborough v. Mgmt. & Training Grp.*, 350 F.3d 459, 460 (5th Cir. 2003). Private parties are generally not considered state actors—i.e., acting under the color of state law. *Chaney v. Races & Aces*, 590 F. App'x 327, 329 (5th Cir. 2014) (per curiam) (internal citations omitted). But there are "extremely limited circumstances" where a private party may act under the color of state law, such as when a private party conspires with state actors or preforms a public function. *Davis*, 2023 WL 3260736, at *2; *Rosborough*, 350 F.3d at 460. A plaintiff must allege facts in the complaint to show these limited circumstances apply to prevail against a private party under § 1983. Put simply, there must be state action; "mere private conduct is excluded from § 1983's reach." *Cornish v. Corr. Servs.*

4

*Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (quoting *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003), *cert. denied*, 543 U.S. 917, (2004)).

Plaintiff has not shown Dollar Tree acted under the color of state law. The Complaint focuses exclusively on Plaintiff's interactions with Dollar Tree manager Molina and the two officers who responded to Molina's 911 call—none of whom are named as defendants. (*See* Doc. 1 at 5). Plaintiff does not allege that Dollar Tree conspired with state actors to violate his constitutional rights. Nor does Plaintiff attempt to claim that Dollar Tree performs a public function.[1] As pleaded, Dollar Tree is not a state actor, so Plaintiff cannot bring a § 1983 claim against it.

In sum, Plaintiff's § 1983 claims against Dollar Tree cannot survive because Dollar Tree is not a state actor. The Court therefore finds that Plaintiff has failed to state a claim on which relief may be granted. The Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claims under § 1983. (Doc. 6).

B.  **Violation of the Texas Penal Code**

The Court also reads Plaintiff's Complaint to bring a claim under the Texas Penal Code § 39.04. (Doc. 1 at 3). Section 39.04 appears only once in the Complaint as an incorrect basis for federal question jurisdiction.[2] *Id.* Plaintiff then makes no mention nor provides any support for his § 39.04 claim in his Response. For this reason alone, the Court may presume Plaintiff has abandoned his § 39.04 claim. *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)

---

1. The public function test applies when a plaintiff alleges a private entity "performs a function which is traditionally the exclusive province of the state." *Rosborough*, 350 F.3d at 460. "The Supreme Court has explained that 'when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.'" *Id.*

2. Section 39.04 cannot give rise to federal question jurisdiction because it is a state statue—not a federal statute. Federal question jurisdiction is explained more below.

(holding the plaintiff abandoned her claim when she failed to defend claim in response to motion to dismiss).

Assuming Plaintiff does not abandon his § 39.04 claim, Dollar Tree moves to dismiss, contending once again it is not a state actor. (Doc. 6 at 4–5). In the context of this case, § 39.04 makes it a crime for a peace officer to violate the civil rights of a person in custody.[3] The Texas Penal Code defines "peace officer" as "a person elected, employed, or appointed as a peace officer." TEX. PEN. CODE § 1.07(a)(36). Undoubtably, Dollar Tree does not fall in the statutory definition of a peace officer. Thus, Dollar Tree cannot violate § 39.04.

Yet Plaintiff's § 39.04 claim must be dismissed for a different reason. The Texas Penal Code does not create a private cause of action. *Garza v. Perez*, No. SA-20-CV-00097, 2021 WL 2211113, at *5 (W.D. Tex. May 28, 2021) (citing *Aguilar v. Christian*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied)); *Luna v. Bank of Am.*, No. 15-CV-475, 2015 WL 11120875, at *9 (N.D. Tex. Nov. 9, 2015) ("As several Texas and federal courts have noted, the Texas Penal Code does not create a private right of action"). As such, Plaintiff's claims under Texas Penal Code § 39.04 should be **DISMISSED** for failure to state a nonfrivolous claim.

Taken together, whether or not Plaintiff abandons his § 39.04 claim—and despite the fact Dollar Tree is not a peace officer—because there is no private cause of action under the Texas Penal Code, Plaintiff's § 39.04 claim is frivolous and should be **DISMISSED WITH**

---

3. Section 39.04 reads "an official of a correctional facility or juvenile facility, an employee of a correctional facility or juvenile facility, a person other than an employee who works for compensation at a correctional facility or juvenile facility, a volunteer at a correctional facility or juvenile facility, or a peace officer commits an offense if the person intentionally: (a) denies or impedes a person in custody in the exercise or enjoyment of any right, privilege, or immunity knowing his conduct is unlawful[.]" TEX. PEN. CODE § 39.04.

**PREJUDICE**.[4] The Court thus **RECOMMENDS** the Motion to Dismiss be **GRANTED** as to Plaintiff's claim under Texas Penal Code § 39.04. (Doc. 6).

### C. Negligence Claims

Lastly, Plaintiff seems to allege Dollar Tree was negligent in retaining and failing to supervise Dollar Tree manager Molina. (Docs. 1 at 5; 8 at 7–8). A negligence cause of action arises under Texas state law, but Plaintiff brings this action pursuant to the Court's federal question jurisdiction. (Doc. 1 at 3). To the extent Plaintiff pleads any claims under Texas law, Dollar Tree asks the Court to decline supplemental jurisdiction. (Doc. 6 at 5). As pleaded, the Court finds supplemental jurisdiction not appropriate, but it is nevertheless recommended that Plaintiff be given an opportunity to seek leave to amend his Complaint.

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A federal court can only entertain cases that fall within its original jurisdiction. There are two avenues for original jurisdiction: federal question and diversity of citizenship. As provided on Plaintiff's *pro se* complaint form, federal question jurisdiction applies when the action arises under the United States Constitution or federal statutory law. 28 U.S.C. § 1331. Diversity of citizenship is implicated when a citizen of one state sues a citizen of another state and the amount in controversy is more than $75,000. 28 U.S.C. § 1332. The party asserting jurisdiction has the burden of establishing it. *McMahon v. Fenves*, 946 F.3d 266, 279 (5th Cir. 2020). Here, as the party selecting the forum, the burden lies with Plaintiff.

When a plaintiff brings multiple claims and some are within the court's original jurisdiction and some are not, supplemental jurisdiction may apply. A court has supplemental

---

4. Although leave to amend is recommended, Plaintiff can only bring a frivolous claim under the Texas Penal Code. Therefore, this claim should be dismissed with prejudice.

jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (citing 28 U.S.C. § 1367(a)). Because supplemental claims are not within the court's original jurisdiction, when a district court dismisses all claims over which it has original jurisdiction, the court has broad discretion to decline supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 823 (W.D. Tex. 2007) ("When a district court has dismissed all federal claims from a cause before trial, the general rule in our Circuit directs district courts to decline to exercise supplemental jurisdiction over supplemental state law claims."). And this brings the Court to the problem at hand.

Here, Plaintiff asserts federal question jurisdiction and brings a § 1983 claim. For reasons explained, Plaintiff's § 1983 claim—his only federal claim—must be dismissed. And since the Texas Penal Code does not create a private cause of action, only Plaintiff's negligent retention and failure to supervise claims remain. So, as Dollar Tree points out, the Court may exercise its discretion and decline supplemental jurisdiction over Plaintiff's remaining state law negligence claims.

Despite pleading federal question jurisdiction, however, Plaintiff completed the section for diversity of citizenship.[5] There Plaintiff alleges he is a citizen of Texas and Dollar Tree is a corporation incorporated under the State of Virginia. (Doc. 1 at 3–4). He further claims an amount in controversy greater than $75,000. *Id.* In other words, if Plaintiff pleaded federal question ***and*** diversity jurisdiction (or only diversity jurisdiction) in his Complaint, then the Court would not need supplemental jurisdiction for any negligence cause of action.

---

5. Plaintiff used the Pro Se 1 (Rev. 12/16) Complaint for a Civil Case form.

And yet the Court cannot rewrite Plaintiff's Complaint. *See Taylor v. Acad. P'ships, LLC*, No. 19-CV-1764, 2020 WL 5127791, at *3 n.1 (N.D. Tex. June 17, 2020) (collecting cases). Plaintiff only asserts federal question as the basis for federal jurisdiction. Plaintiff does not contend that he brings this action under the Court's diversity jurisdiction. Nor does Plaintiff respond to Dollar Tree's request that the Court decline supplemental jurisdiction over any negligence claims. Therefore, to any extent Plaintiff pleads negligence under Texas state law, the Court finds it should exercise its discretion and decline supplemental jurisdiction.

Even so, the Court finds Plaintiff has not pleaded his "best case." Generally, a *pro se* plaintiff should be afforded an opportunity to amend his complaint to attempt to cure any deficiencies. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Leave to amend is not required, however, if the *pro se* plaintiff has already pleaded his "best case." *Brewster*, 587 F.3d at 768. As demonstrated above, Plaintiff has not pleaded his "best case," and Plaintiff should be given an opportunity to seek leave to amend.

Accordingly, the Court **RECOMMENDS** the Court **DECLINE** to exercise supplemental jurisdiction over any state law claims to the extent Plaintiff brings such claims. (Doc. 6). That said, the Court finds Plaintiff has not pleaded "his best" case, so the Court also **RECOMMENDS** Plaintiff be **GIVEN AN OPPORTUNITY TO SEEK LEAVE TO AMEND HIS COMPLAINT**.

### IV.  RECOMMENDATION

The Court **RECOMMENDS** that Plaintiff's § 1983 claim be **DISMISSED** for failure to state a claim on which relief may be granted. Likewise, the Court **RECOMMENDS** Plaintiff's claim under Texas Penal Code § 39.04 be **DISMISSED WITH PREJUDICE** for failure to state a nonfrivolous claim. Because Plaintiff brings this case pursuant to the Court's federal question jurisdiction, and all Plaintiff's federal claims should be dismissed, the Court also

**RECOMMENDS** that the Court **DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION** over any remaining Texas state law claims.

Finally, recognizing Plaintiff proceeds *pro se*, and finding that Plaintiff has not pleaded his "best case," the Court **RECOMMENDS** Plaintiff be **GIVEN AN OPPORTUNITY TO SEEK LEAVE TO AMEND HIS COMPLAINT**. Should Plaintiff choose to seek leave, he should **FILE A MOTION TO AMEND WITH HIS AMENDED COMPLAINT ATTACHED WITHIN 21 DAYS OF THE COURT ADOPTING THIS REPORT AND RECOMMENDATION**.

SIGNED this 30th day of October, 2024.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).