IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| AARON TREMELL HILL, SR., *Plaintiff*, | § § § | |
| v. | § § | PE-24-CV-00011-DC-DF |
| DOLLAR TREE STORES, INC., *Defendant*. | § § § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") Second Motion to Dismiss for Failure to State a Claim. (Doc. 20). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court recommends Dollar Tree's Motion to Dismiss be **DENIED IN PART** and **GRANTED IN PART**. (Doc. 20).

BACKGROUND

This case arises from an incident on September 9, 2022, at the Dollar Tree store in Monahans, Texas. (Doc. 15). *Pro se* Plaintiff Aaron Tremell Hill, Sr. ("Plaintiff"), an African American male, claims he was shopping at the Dollar Tree when store manager, Mario Javier Molina ("Molina"), followed him around and aggressively confronted him. *Id.* at 4. When Plaintiff attempted to check out, he was refused service. *Id.* Plaintiff also claims White and Hispanic customers were not "followed, harassed, spied upon or stalked around the store" and "were permitted to check out." *Id.*

Molina called the police on Plaintiff reporting "an aggressive customer … refusing to leave." *Id.* at 4. When the police arrived, Molina purportedly pointed at Plaintiff and instructed the officers to "issue criminal trespass on him." *Id.* Plaintiff received a criminal trespass warning and left the premises. *Id.*

Plaintiff sued Dollar Tree on March 3, 2024. (Doc. 1). Dollar Tree moved to dismiss on May 15, 2024. (Doc. 6). Plaintiff's Original Complaint was dismissed on November 18, 2024, and the Court instructed Plaintiff to seek leave to amend. (Docs. 11, 12). Plaintiff did so on November 19, 2024. (Doc. 15). Leave was granted as unopposed on December 2, 2024.[1] As a result, Plaintiff's Amended Complaint is the active pleading before the Court. (Doc. 19).

As with his first Complaint, the Amended Complaint brings several federal and state claims against Dollar Tree. In short, Plaintiff alleges Dollar Tree unlawfully discriminated against him on September 9, 2022. *Id.* Dollar Tree moved to dismiss the Amended Complaint on December 16, 2024. (Doc. 20). When Plaintiff failed to timely respond, the Court ordered him to file a response on or before February 11, 2025. (Doc. 21). Plaintiff responded as ordered on February 5, 2025. (Doc. 22). Dollar Tree timely replied. (Doc. 23). The Motion is thus ripe for disposition.

---

1. The Court text order granted leave to amend because Dollar Tree did not file a response within seven days. Local Rule CV-7(d)(2)(2021). Before the local rules were updated, Rule CV-7(e)(2) set responses to nondispositive motions due within seven days. A motion for leave to amend a complaint is a nondispositive motion. *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). In 2021, the language in Rule CV-7 changed, omitting the nondispositive distinction in favor of the case management and discovery classification. The Court is inclined to find a motion for leave to amend a case management motion, but even if not, it is within the Court's broad discretion to grant leave to amend. FED. R. CIV. P. 15(a)(2). Thus, assuming Dollar Tree opposed the Motion, the Court still finds leave proper.

2

## LEGAL STANDARD

When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). The court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *See id.* (citing *Bass*, 669 F.3d at 506). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On the other hand, if the complaint only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is appropriate. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 233 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The court should dismiss a complaint if the court can only infer the mere possibility of misconduct, or if the plaintiff has only alleged that he is entitled to relief rather than stating a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 570).

Relevant to this case, allegations made in a *pro se* complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To hold a *pro se* plaintiff to strict compliance with standards demanded of lawyers "would be inequitable" as courts would punish a *pro se* plaintiff "for lacking

3

the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed." *Id.* at 195. Even though pleadings by a *pro se* plaintiff are held to a less stringent standard, courts must be able to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

### I. Federal Claims

#### A. 42 U.S.C. § 1981

Plaintiff successfully pleads a retail discrimination claim under 42 U.S.C. § 1981. (Doc. 13 at 5–6). A successful § 1981 claim requires Plaintiff to establish three elements: (1) he is a member of a racial minority; (2) the defendant had intent to discriminate on the basis of race; and (3) the discrimination concerned one or more activities enumerated in the statute—here, an attempt to contract in the retail context. *Grace v. Texmex Rainey, LLC*, No. 22-CV-1240, 2023 WL 4041858, at *2 (W.D. Tex. June 15, 2023) (citing *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)). Because Plaintiff brings a retail claim, he must suffer "the loss of an actual, not speculative or prospective, contract interest." *Morris*, 277 F.3d at 752. In other words, Plaintiff must allege he tried to purchase something from Dollar Tree, giving rise to a contractual duty, which Dollar Tree prevented in some way. *Id.* And Plaintiff must ultimately show his race was "the but-for cause," not merely a motivating factor, in Dollar Tree

4

preventing his purchase. *See Comcast Corp v. Assoc. of African American-Owned Media*, 589 U.S. 327 (2020). Plaintiff makes this showing.

Plaintiff pleads a *prima facie* § 1981 claim. It is undisputed Plaintiff "is a black male," thereby satisfying the first § 1981 element. (Docs. 13 at 5; 20 at 9). Plaintiff also alleges Hispanic and white customers were not "followed, harassed, spied upon or stalked around the store" and "were permitted to check out without incident," unlike Plaintiff. (Doc. 13 at 4). Liberally construing the Amended Complaint, as the Court must do, these circumstantial allegations showing "similarly situated non-minorities received better treatment" creates "the necessary inference and set[s] the predicate" for Plaintiff's § 1981 claim.[2] *Garibay v. G.T. Sirizzotti, Ltd.*, No. 24-CV-0214, 2024 WL 4965637, at *4 (quoting *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017)). Element two is thus satisfied. And so is element three—Plaintiff attempted to check out, and Molina prevented him from doing so because of his race. (Doc. 13 at 4, 6); *See Morris*, 277 F.3d at 752–53; *McNulty v. J.C. Penny Co.*, 305 F. App'x 212, 218 (5th Cir. 2008) (finding the plaintiff's claim failed because she successfully completed the purchase transaction). Dollar Tree, however, offers an alternative non-discriminatory explanation.

---

2. Dollar Tree contends the allegations in this case are like those in *Garibay*. (Doc. 20 at 6). *Garibay* lacked comparison between the plaintiff and "any comparators at all." *Garibay*, 2024 WL 4965637, at *4. Unlike *Garibay*, Plaintiff alleges similarly situated non-minorities received better treatment. (Doc. 13 at 4–5).

Dollar Tree contends there is an obvious nondiscriminatory explanation for the alleged events.[3] "[T]he obvious alternative explanation is that Plaintiff was asked to leave because he was being belligerent and aggressive, not because he was African American." (Doc. 20 at 9). Supporting its argument, Dollar Tree asks the Court to consider security camera and police body camera footage, documenting the incident. (Doc. 20 at 7–8). Plaintiff also asks the Court to consider an eyewitness affidavit. (Docs. 18; 22 at 3).

When reviewing a Rule 12(b)(6) motion, a district court generally "may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Yet when a plaintiff's complaint references evidence then made available in a defendant's motion to dismiss, a court is permitted to rely on the evidence at the 12(b)(6) stage. *Goodale v. Seguin*, No. SA-22-CV-00031, 2022 WL 17084400, at *3 (W.D. Tex. Nov. 17, 2022). Plaintiff's Amended Complaint makes no mention of the eyewitness or the eyewitness's affidavit. (Docs. 13, 18). So the Court declines to consider the affidavit at this stage. But Plaintiff's Amended Complaint does reference the Dollar Tree security camera and police body camera footage. (Doc. 13 at 4–5). The Fifth Circuit considers video footage depicting the events alleged

---

3. When a plaintiff pleads a § 1981 claim based on circumstantial evidence, as here, the Court employs a burden-shifting framework. But in the § 1981 context, only the *prima facie* elements are relevant at the motion to dismiss stage. *Berrios v. Miller*, No. EP-22-CV-00139, 2023 WL 5246351, at *8 n.43 (W.D. Tex. Aug. 15, 2023); *see* Tymczak v. Tex. S. Univ., No. 16-CV-2621, 2017 WL 1383568, at *2 (S.D. Tex. Apr. 18, 2017) (reasoning in the Title VII context the burden shifting analysis is not required on a motion to dismiss because it is an evidentiary standard, not "a rigid pleading requirement"). The Court must take the well-pleaded facts as true.

central to a plaintiff's claim. *Harmon v. City of Arlington*, 16 F.4th 1159, 1164 (5th Cir. 2021). There is no question the footage depicts the events alleged. The Court therefore considers the Dollar Tree security and police body camera footage.

Even so, the Court must presume all well-pleaded facts as true, unless the camera footage "blatantly contradicts" the pleaded allegations. *Harmon*, 16 F.4th at 1163 (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)). And, here, the video evidence does not blatantly contradict Plaintiff's pleadings to the point "no reasonable jury could believe it." *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013) (citing *Scott*, 550 U.S. at 380). The Dollar Tree security footage has no sound. (Doc. 20 at 7). Without sound, the Court cannot deduce whether Plaintiff was denied service because he was "belligerent and aggressive," and it declines to draw such conclusions from after-the-fact police body camera footage. (Doc. 20 at 8); (*See* Officer Esquivel Bodycamera [4_Axon Body Esquivel] (hereinafter "Officer Esquivel") (on file with the Court)). The Court likewise declines to adopt Molina's after-the-fact rendition of events to the police officers over Plaintiff's allegations at this stage. *Id.* at 8; (Officer Esquivel at 12:00–24:00). Conflicting tales are best left for the jury.

What is more, even assuming Molina did not "stalk, harass, and spy" on Plaintiff, or "skip around the security footage," and even if his comments after-the-fact were taken out of context, this does not change the objective footage. (Doc. 19 at 4; 20 at 8; 22 at 4). Plaintiff entered the Dollar Tree. (Front Door Security Camera [1_Orchid 1 Front Door 2022-09-09] (hereinafter "Front Door"), Dollar Tree, Inc., at 01:11–01:45). He was near and possibly spoke with Molina. (Front Aisle Security

Camera [3_Orchid 8 Front Aisle] (hereinafter "Front Aisle"), Dollar Tree, Inc., at 03:06–04:21). Plaintiff then entered a checkout line, and when it was his turn to check out, the lane was closed. (Front Aisle at 04:21–05:48; Front Door at 05:36–06:30). Yet customers before and after Plaintiff completed purchases successfully. (Front Door at 05:10–05:40; Front Aisle at 05:14–07:24). This supports Plaintiff's allegation that "Hispanic and white customers were permitted to check out without incident," and he was not.[4] (Doc. 19 at 4). This satisfies a § 1981 claim.

Put simply, Plaintiff pleads a *prima facie* § 1981 claim, and the video footage does not "blatantly contradict" Plaintiff's allegations. The Court therefore **RECOMMENDS** Dollar Tree's Motion to Dismiss be **DENIED** as to Plaintiff's § 1981 claims. (Doc. 20).

### B. Discrimination Under Title II of the Civil Rights Act

Plaintiff's claim for discrimination under Title II of the 1964 Civil Rights Act, 42 U.S.C. § 2000a, should be dismissed. (Doc. 1 at 8–9). The "sweeping prohibition of discrimination" under Title II reaches only places of public accommodation, as defined under the statute. 42 U.S.C. § 2000a(b)(1)–(4). The statute limits "places of public accommodation" to public places "principally engaged in selling food for consumption on the premises, or a hotel type establishment, or a place of entertainment." *Priddy v. Shopko* Corp., 918 F. Supp. 358, 359 (D. Utah 1995); *see Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) ("[Title II] sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation,' … and in doing so

---

4. Molina tells Officer Esquivel that he instructed his cashier not to check out Plaintiff and directed customers to the other register. (Officer Esquivel at 13:15–13:30).

8

excludes from its coverage those categories of establishments not listed.") (internal citation omitted). Retail stores, like Dollar Tree, are plainly not places of public accommodation under the statute. *Brackens v. Big Lots, Inc.*, No. A-06-CA-532, 2007 WL 208750, at *2–3 (W.D. Tex. Jan. 4, 2007); *Salvador v. Target Corp.*, No. 23-CV-585, 2024 WL 4198194, at *4 n.1 (E.D. Tex. July 2, 2024).

Because Dollar Tree is statutorily excluded as a public place of accommodation, no amount of liberal construing will revive Plaintiff's Title II claim. The Court therefore **RECOMMENDS** Plaintiff's Title II discrimination claim be **DISMISSED WITH PREJUDICE**.

II. **State Claims**

   A. **Violation of Texas Penal Code § 37.08**

Likewise, Plaintiff's claim under § 37.08 of the Texas Penal Code should be dismissed. (Doc. 15 at 6–7). At the outset, Plaintiff makes no mention nor provides any support for his § 37.08 claim in his Response. From this alone, the Court presumes Plaintiff abandons his Texas Penal Code claim. *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). But assuming Plaintiff does not abandon his claim, it must also be dismissed because—as the Court explained before—the Texas Penal Code does not create a private cause of action. *Hill*, 2024 WL 4823871, at *3; *Mathis v. DCR Mortg. III Sub I, LLC*, 952 F. Supp. 2d 828, 836 (W.D. Tex. 2013) ("Of course, 'the Texas Penal Code does not create a private cause of action.'" (citing *Hamilton v. Pechacek*, 319 S.W.3d 801, 813 (Tex. App.—Fort Worth 2010, no pet.))).

9

The Court nonetheless acknowledges whispers of a private cause of action under § 37.08. These whispers find their voice in *Santillana v. Williams*, 599 F.2d 634, 634–35 (5th Cir. 1979) (per curiam). But in the many years since *Santillana*, the Texas Supreme Court has declared "penal statutes are strictly construed," and a private cause of action may only be asserted "if the statute clearly so provides." *Brown v. De La Cruz*, 156 S.W.3d 560, 565 (Tex. 2004); *see Tex. Med. Res. v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 431 (Tex. 2023) ("The test [Brown] applies is whether the statutory text 'clearly implie[s]' a private damages action."). Section 37.08 does not "clearly so provide." *See Brann v. Guimaraes.* No. 01-19-00439-CV, 2021 WL 2690869, at *8 (Tex. App.—Houston [1st Dist.] July 1, 2021, pet. denied) (mem op.) ("But in their petition, the Guimaraeses clearly assert violations of Penal Code, sections 37.08 and 20.02, as standalone claims. Because no such claims exist under Texas law, they cannot establish a prima facie case for either purported claim."). Texas has spoken—there is no private cause of action under § 37.08.

In sum, § 37.08 of the Texas Penal Code does not create a private cause of action. The Court therefore **RECOMMENDS** Plaintiff's claim under § 37.08 be **DISMISSED WITH PREJUDICE**.

### B.  Negligent Supervision or Retention

Lastly, Plaintiff alleges Dollar Tree was negligent in retaining and failing to supervise Dollar Tree manager Molina. (Doc. 13 at 7–8). These claims must also be dismissed. For success on negligent supervision and retention claims, a plaintiff must prove (1) a duty to supervise and retain competent employees; (2) an employer's breach

of the duty; and (3) the employer's breach of the duty proximately caused the damages sued for. *Bhakta v. Caraday Healthcare, LLC*, No. 21-CV-00753, 2021 WL 8362164, at *2 (W.D. Tex. Dec. 21, 2021) (quoting *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tex. App.—Amarillo, Panel E, 2010)). The issue, here, is that, as pleaded, Molina did not commit an actionable tort. *Whitley v. Growth Ventures, Inc.*, No. 08-CA-492, 2008 WL 11333990, at *4 (W.D. Tex. Dec. 18, 2008) (citing *Gonzales v. Willis*, 995 S.W.2d 729, 739–40 (Tex. App.—San Antonio 1990, no pet.), *overruled in part on other grounds by Hoffmann-La Roche Inc v. Zeltwanger*, 144 S.W.3d 438, 447–48 (Tex. 2004)); *see Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 800, 800 n.2 (Tex. 2010).

The Texas Supreme Court has held that a negligent retention or supervision claim requires the employee to "commit[] an actionable tort." *Waffle House*, 313 S.W.3d at 800. Statutory violations alone cannot ground a negligent retention or supervision claim because "to do so, would 'render[] superfluous' the procedures and limitations of statutory causes of action." *Whitley*, 2008 WL 11333990, at *4. Plaintiff in this case brings only statutory violations—under § 1981, Title VII, and the Texas Penal Code—which cannot ground negligent retention and supervision claims. *See, e.g., Bhakta*, 2021 WL 8362164, at *3 (dismissing negligent hiring, supervision, and retention claims without an underlying tort as barred by plaintiff's statutory claims); *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 577 (S.D. Tex. 2005) (granting summary judgment on negligent hiring, training, and supervision because no other tort remained). Dollar Tree therefore cannot be liable for negligent supervision or retention because Plaintiff does not bring a common law tort against Molina. *Bhakta*,

11

2021 WL 8362164, at *3 (citing *Proctor v. Wackenhut Corr. Corp.*, 232 F. Supp. 2d 709, 714 (N.D. Tex. 2002)). As a result, the Court **RECOMMENDS** Plaintiff's negligence claims be **DISMISSED WITHOUT PREJUDICE**. (Doc. 20).

### III.  Jurisdiction and Venue

Finding at least one claim survives, the Court briefly addresses Dollar Tree's arguments related to venue and jurisdiction. Dollar Tree loosely argues the Amended Complaint improperly asserts jurisdiction and venue because Plaintiff cites the Texas Rules of Civil Procedure as opposed to the Federal Rules. (Docs. 20 at 5; 23 at 3–4). Undoubtably, the Federal Rules apply, but this does not undermine jurisdiction or venue. More interesting to the Court, however, is what Dollar Tree does not argue.

Dollar Tree does not contest the Court's jurisdiction[5] or venue for good reason. Venue and jurisdiction are proper in this Court. What is more, Plaintiff sufficiently alleges both. Starting with jurisdiction, under Rule 8(a), the complaint need only contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(2). The Amended Complaint contains a section on jurisdiction, in which Plaintiff "show[s] the Court that [his] first amended original petition is brought pursuant to the provisions of the 42 U.S.C. § 1981, 42 U.S.C. § 2000a et seq., and Texas Penal Code § 37.08." (Doc. 19 at 2). Plaintiff's reliance on § 1981 and Title VII sufficiently asserts federal question jurisdiction.

---

5. Assuming Plaintiff failed to plead his federal claims, Dollar Tree asked the Court to decline supplemental jurisdiction over the state law claims. (Doc. 20 at 10–12). Since Plaintiff's state law claims do not survive, the Court need not reach the issue of supplemental jurisdiction.

And the same is true with venue. "Generally, a civil action may be brought in the judicial district where the defendant resides, or where 'a substantial part of the events or omissions giving rise to the claim occurred.'" *Dowling v. N. Arlington N.J. Police Dep't*, No. SA-24-CV-250, 2024 WL 2990542, at *1 (W.D. Tex. May 2, 2024) (citing 28 U.S.C. § 1391(b)). Plaintiff alleges venue is proper "because all or a substantial part of the events or omissions giving rise to the claims occurred in Monahans, Texas, which is in Ward County, Texas. This is under the jurisdiction of the Pecos Division of the United States District Court of the Western District of Texas." (Doc. 19 at 1). Plaintiff is correct; venue is proper.

So while Plaintiff improperly cites to the Texas Rules of Civil Procedure, he still sufficiently alleges jurisdiction and venue. This is not grounds for dismissal under Rule 12(b)(6). That said, the Court **CAUTIONS** Plaintiff that the Federal Rules of Civil Procedure apply in this case.

## CONCLUSION

For the reasons above, the Court **RECOMMENDS** Defendant Dollar Tree's Motion to Dismiss be **DENIED IN PART** and **GRANTED IN PART**. (Doc. 20). The Court should **DENY** Dollar Tree's Motion as to Plaintiff's § 1981 claim. *Id.* The Court should **GRANT** the Motion as to Plaintiff's claims under Title II of the Civil Rights Act and the Texas Penal Code, as well as his negligence claims. Plaintiff's claims under Title II and the Texas Penal Code should be **DISMISSED WITH PREJUDICE**. *Id.*

SIGNED this 23rd day of June, 2025.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **<u>by certified mail, return receipt requested</u>**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).