IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **AARON TREMELL HILL, SR.,** *Plaintiff* | § § § | |
| v. | § | P:24-CV-00011-DC |
| **DOLLAR TREE STORES, INC.,** *Defendant* | § § § § | |

# ORDER

Before the Court is the report and recommendation of United States Magistrate Judge David B. Fannin[1] concerning Dollar Tree Stores, Inc.'s motion to dismiss.[2] In his report and recommendation, Judge Fannin recommends that the Court grant the motion in part and deny it in part.[3] Dollar Tree timely filed objections to the report and recommendation.[4]

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Dollar Tree timely objected to a portion of the report and recommendation, the Court reviews that portion of the report and recommendation *de novo*. Having done so, the Court overrules Dollar Tree's objections and adopts the report and recommendation as its own order.

---

[1] ECF No. 27.
[2] ECF No. 20.
[3] ECF No. 27 at 14.
[4] ECF No. 29; *see also* Text Order entered July 7, 2025, granting motion for extension, ECF No. 28.

Dollar Tree makes a sole objection: Hill's § 1981 claim cannot survive because he cannot show that the manager of Dollar Tree's Monahan, Texas location discriminated against Hill based on his race because other black customers checked out without incident—as shown in the video evidence provided to the Court.[5] The Court makes no comment as to the quality of Dollar Tree's argument. Why? Dollar Tree takes this position only after reading Judge Fannin's report and recommendation.[6] This is a new argument by definition and does not form the basis of a proper objection. "Because [Dollar Tree is] not entitled to raise arguments for the first time in [its] objections to the Magistrate Judge's Report and Recommendation that were not asserted in [its] Motion, these new arguments are not properly before the Court for consideration. *McPeak-Torres v. Texas*, No. CV G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (collecting cases). Dollar Tree will be afforded the opportunity to raise this argument again, if it so elects, at a later stage.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge David Fannin is **ADOPTED**.[7] Dollar Tree's motion to dismiss is **DENIED IN PART**, as to Hill's § 1981 claim, and **GRANTED IN PART** as to Hill's

---

[5] ECF No. 29.
[6] *Compare* ECF Nos. 20, 23, *with* ECF No. 29.
[7] ECF No. 27.

claims under Title II of the Civil Rights Act and the Texas Penal Code, along with his negligence claims. Those dismissed claims are **WITH PREJUDICE**.

It is **SO ORDERED**.

SIGNED this 22nd day of July, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE